IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE THE APPLICATION OF

NELIO NELSON GOMES da SILVA,
        PLAINTIFF / PETITIONER,

v.

MARCILENE de AREDES,
        DEFENDANT / RESPONDENT.

C.A. No.

### VERIFIED COMPLAINT AND PETITION FOR RETURN OF THE MINOR CHILD

Plaintiff / Petitioner, Nelio Nelson Gomes da Silva ("Petitioner"), respectfully states as follows:

### INTRODUCTION

1. This action is brought by the Petitioner, a citizen of Brazil, to secure the return of his daughter, A█ C█ A█ S█ ("child"), born October 15, 2010, age eight (8), who was wrongfully taken from his home in Brazil and retained in Massachusetts by the child's mother, the Defendant / Respondent, Marcilene de Aredes ("Respondent").

2. This Petition is filed pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 49 (reprinted at 51 Fed. Reg. 10494 (Mar. 26, 1986), and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601 – 11610 (2011).  The Hague Convention came into effect in the United States of America on July 1, 1998, and Brazil is amongst the Contracting States.  See Hague Convention attached hereto as Exhibit A.

3. The objects of the Hague Convention include: (a) to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and (b) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the

other Contracting States. Id. The Hague Convention provides authority to a federal district court to determine the merits of a claim for the wrongful retention or removal of a child.

## JURISDICTION AND VENUE

4. This action is brought pursuant to the original jurisdiction conferred on this Court under 42 U.S.C. § 11603(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction).

5. Venue is proper under 42 U.S.C. § 11603 and 28 U.S.C. § 1391(b) because, on information and belief, the child and the Respondent reside in East Boston, Suffolk County, Massachusetts.

## FACTS

6. The child was born to the parties on October 15, 2010, and is presently eight (8) years old. See copy of birth certificate attached hereto as Exhibit B.

7. From the date of the child's birth through November of 2016, when the child was wrongfully removed and retained, the parties were exercising joint custody of the child. During that period of time, both parties and the child resided in Brazil.

8. Until the child's wrongful removal and retention, the child attended school at School Municipal José Miguel Muahad in Muriaé, Brazil. See Declaration from School Municipal José Miguel Muahad attached hereto as Exhibit C.

9. In November of 2016, the parties agreed that Respondent would travel to a beach in Brazil for vacation, returning at the end of December, prior to the child's school recommencing in January of 2017.

10. On November 15, 2016, without Petitioner's knowledge or consent, Respondent and the child flew from Brazil to the United States.

11. In December of 2016, Petitioner learned, through social media, that the child was in the United States, specifically in Massachusetts. When Petitioner learned this, he reached out to Respondent and insisted that he be permitted to speak with the child by phone. Respondent refused, threatened to move to Canada if Petitioner continued to try and reach the child, and blocked Petitioner from any incoming communications.

12. Petitioner has not seen or spoken to the child since November of 2016, almost two (2) years ago.

13. Prior to arriving in the United States, Respondent undertook a course of action to prevent Petitioner from learning the precise whereabouts of the child and from having regular contact with her.

14. Prior to November of 2016, the child did not have a passport. Since November of 2016, Petitioner has learned that Respondent falsified his signature on necessary documentation to obtain a passport for the child. See a copy of Passport Application and relevant correspondence from The Honorable Public Defender in the State of Minas Gerais attached hereto as Exhibit D.

15. Respondent has wrongfully retained the child in the United States, over Petitioner's objection, and in violation of the laws of Brazil.

16. On information and belief, the child is currently residing with Respondent at 72 Bennington Street, East Boston, Suffolk County, Massachusetts.

17. On or about August 5, 2018, Petitioner filed an application under the Hague Convention through the Central Authority for International Child Abduction, with additional information provided thereafter, requesting the return of the minor child to Brazil. See a copy of said application and additional information attached hereto as Exhibit E.

## WRONGFUL RETENTION OF MINOR CHILD BY THE RESPONDENT: CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION

18. As set forth above, on or about November 15, 2016, Respondent wrongfully retained the minor child under Article 3 of the Hague Convention and continues to wrongfully retain the minor child in the Commonwealth of Massachusetts, United States, in violation of Article 3, despite Petitioner's efforts to have the child returned to Brazil.

19. Article 3 of the Hague Convention provides that the retention of a child is considered wrongful where (a) it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was a habitual resident immediately before the removal or retention; and (b) at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

20. Respondent's retention of the child is in violation of Petitioner's right as joint custodian to determine the minor child's place of residence. See Hague Convention, Art. 5(a) (defining "rights and custody" to include "rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence").

21. At the time of the child's retention in the United States, Petitioner was exercising his rights of custody within the meaning of Articles 3 and 5 of the Hague Convention. But for Respondent's removal and retention of the child, Petitioner would have continued to exercise those rights. The child resided with the parties in Brazil within the meaning of Article 3 of the Hague Convention from her birth (October 15, 2010) through November 15, 2016. Petitioner continued to consistently exercise his rights of custody until the day Respondent removed the child from Brazil.

22. The child is presently eight (8) years old. The Hague Convention is applicable to children under the age of sixteen (16).

23. Petitioner has never acquiesced or consented to Respondent's permanent retention of the child in the United States, or to her living outside of Brazil.

24. Petitioner is able to provide care for the child in Brazil.

## PROVISIONAL REMEDIES
### (42 U.S.C. § 11604 AND HAGUE CONVENTION, ARTICLE 16)

25. Petitioner requests that this Court issue an immediate order restraining Respondent from removing the child from the jurisdiction of this Court, and a warrant seeking immediate physical custody of the child, directing any United States Marshal or other law enforcement officer to bring the child before this Court. Petitioner further requests that this Court schedule an expedited hearing on the merits of the within Petition.

## NOTICE OF HEARING
### (42 U.S.C. § 11603(c))

26. Pursuant to 42 U.S.C. § 11603(c), Respondent shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

## REQUESTS FOR RELIEF

WHEREFORE, Petitioner, Nelio Nelson Gomes da Silva, respectfully requests that this Court:

1. Enter an immediate temporary restraining order prohibiting the removal of the child from the jurisdiction of this Court pending a hearing on the merits of the within Verified Complaint, and further provide that no person acting in concert or participating with Respondent

shall take any action to remove the child from the jurisdiction of this Court pending a determination on the merits of the Verified Complaint;

2. The scheduling of an expedited preliminary injunction hearing on the merits of the Verified Complaint; an Order that Respondent show cause at said hearing as to why the child should not be returned to Brazil, and why such other relief requested in the Verified Complaint should not be granted; and pursuant to the Federal Rule of Civil Procedure 65, an Order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

3. Enter judgment declaring and adjudicating that the child shall be returned to Brazil, where an appropriate custody determination can be made by a Brazilian Court under Brazilian law;

4. Order Respondent to pay Petitioner's expenses and costs, including transportation costs, under 42 U.S.C. § 11607; and

5. Grant such further and additional relief as this Honorable Court deems just and proper, including an award of costs and attorneys' fees incurred in this action.

Respectfully submitted,
**NELIO NELSON GOMES da SILVA**
By his attorneys,

Dated: November 9, 2018

Elizabeth G. Crowley, BBO #663470
ecrowley@burnslev.com
Katie M. Dalton, BBO #668580
kmdalton@burnslev.com
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 345-3000
Fax: (617) 345-3299

## VERIFICATION

Under the penalties of perjury, I declare that I have read the above Verified Complaint and Petition for Return of the Minor Child, and the facts alleged are true, to the best of my knowledge and belief.

Executed this ___ day of November, 2018.

*Nelio Nelson Gomes da Silva*
NELIO NELSON GOMES da SILVA