UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NELIO NELSON GOMES da SILVA,      )
                                 )      CIVIL ACTION NO.
              Petitioner,        )      18-12353-DPW
                                 )
v.                               )
                                 )
MARCELENE de AREDES,             )
                                 )
              Respondent.        )

MEMORANDUM AND ORDER
REGARDING
MOTION TO STAY PENDING APPEAL
December 4, 2019

On October 28, 2019, I entered the Final Injunctive Decree
as Judgment (Dkt. #102) in this matter on the basis of pertinent
findings and conclusions dictated from the bench determining
that the Respondent had wrongfully retained the minor child
A.C.A. in this country in violation of the Hague Convention on
the Civil Aspects of International Child Abduction.  The
judgment directed A.C.A.'s return to Brazil in the care and
custody of the Petitioner.

Although the necessary findings and conclusions pertinent
to the final judgment did not require addressing the
Respondent's acts beyond their objective purpose and effect, I
must now — in response to the motion to stay — record my further
findings and conclusions that Respondent secretly orchestrated
and has maintained a strategy involving various tactics

wrongfully to obstruct the Petitioner's access to his biological daughter in derogation of the Hague Convention.[1]  Nothing in the law or the equities of the circumstances the Respondent has created justify a stay of the final judgment, which is now on appeal.

Immediately after conclusion of the bench trial in this matter, in an effort to assure that A.C.A's all but certain return to her habitual residence pursuant to the anticipated judgment would occur in the least disruptive manner possible under these circumstances, I fostered and generally supervised a stipulation by the parties designed to prepare for A.C.A.'s return while leaving open the potential to consider further material developments before providing the necessary findings and conclusions to support the final judgment in this case.  The final judgment as thereafter entered included provisions designed to continue to facilitate A.C.A.'s orderly repatriation in accordance with the stipulation.  I have again revisited and

---

[1] While this assessment may regrettably appear harsh, it is necessary to disposition of the equitable motion now before me. In making this assessment, I do not in any way wish to be understood as criticizing the very able counsel associated with the Harvard Legal Aid Bureau who rose to the occasion to conduct the defense of the Respondent with great competence and in the highest traditions of the bar.  The responsibility for the unfolding of these circumstances rests entirely upon Respondent herself and the additional findings and conclusions are addressed to the equities implicated by the choices she made in absconding from Brazil with her daughters and during the period thereafter.

reconsidered the bases for the judgment and conclude, on the record before me, that there simply is no likelihood of success to respondent's appeal.

In reaching the final judgment, I fully considered the difficulties arising from the Respondent's willful and ill-conceived decision to expose her daughter A.C.A. (together with herself and her other daughter) to the vagaries of United States immigration policy.  The Respondent's reliance on a procedural development in her contest, *inter alia*, of A.C.A.'s immigration status that was neither unforeseen nor unforeseeable and (given the press of business on an all but overwhelmed immigration bureaucracy) likely to raise the prospect of extended immigration proceedings themselves lacking any apparent likelihood of success, provides no new or unanticipated grounds to question the judgment in this case.  Indeed, even crediting Respondent's contention that her failure to file a written pleading on behalf of herself and her daughters until nearly three years after her entry was the result of the ineffectiveness of her initial immigration counsel, my repeated inquiries about related immigration matters fully alerted her to the need for timely pursuit of those proceedings.  Yet Respondent did not undertake to file the relevant pleading in those proceedings until the day after notice was issued that a

further hearing likely to result in the announcement of formal judgment in this case was to be held.

It is apparent that the Respondent has proceeded on a path designed to manipulate circumstances in a fashion that might superficially appear to make her daughter's position in the United States seem increasingly more well-settled while avoiding diligent and timely crystallization of related issues.  That manipulation of circumstances should not be enabled by permitting the pursuit of delay indirectly to become an inappropriate grounds for relief from a judgment as to which there is no meaningful likelihood of reversal.

The balance of hardships, particularly when considered in light of the delay and obstructive tactics Respondent has pursued, falls most heavily on the Petitioner whose rights under the Hague Convention would be further frustrated by a stay.  The hardship to the Respondent from the stay is unfortunately of her own making.

Ultimately, the Hague Convention is an expression of this country's determination that it is in the public interest for signatories to the Convention to have, in the absence of special circumstances not present here, decisions regarding custody and access to children made by the authorities of the jurisdiction of habitual residence.  That determination should not be further delayed in this case.

Accordingly, Respondent's Motion to Stay (Dkt. # 124) is hereby **DENIED**.


*/s/ Douglas P. Woodlock*_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE